JS 44 (Rev. 10/20)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.   *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS

JOHN DOE

## DEFENDANTS

CVS HEALTH CORPORATION, ET AL.

**(b)** County of Residence of First Listed Plaintiff   Philadelphia County, PA
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant   Providence County, RI
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Gerald J. Mullaney, Jr., Esquire (Mullaney & Mullaney, LLC), 3881 Skippack Pike, P.O. Box 1368, Skippack, PA 19474 (610) 584-4416

Attorneys *(If Known)*
Amalia V. Romanowicz, Esquire (I.D. #65412)
Albert Bryan Tomlinson, Esquire (I.D. #206114)

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

| | | | |
|---|---|---|---|
| ☐ 1 | U.S. Government Plaintiff | ☐ 3 | Federal Question *(U.S. Government Not a Party)* |
| ☐ 2 | U.S. Government Defendant | ☒ 4 | Diversity *(Indicate Citizenship of Parties in Item III)* |

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance<br>☐ 120 Marine<br>☐ 130 Miller Act<br>☐ 140 Negotiable Instrument<br>☐ 150 Recovery of Overpayment & Enforcement of Judgment<br>☐ 151 Medicare Act<br>☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans)<br>☐ 153 Recovery of Overpayment of Veteran's Benefits<br>☐ 160 Stockholders' Suits<br>☐ 190 Other Contract<br>☐ 195 Contract Product Liability<br>☐ 196 Franchise | **PERSONAL INJURY**<br>☐ 310 Airplane<br>☐ 315 Airplane Product Liability<br>☐ 320 Assault, Libel & Slander<br>☐ 330 Federal Employers' Liability<br>☐ 340 Marine<br>☐ 345 Marine Product Liability<br>☐ 350 Motor Vehicle<br>☐ 355 Motor Vehicle Product Liability<br>☐ 360 Other Personal Injury<br>☒ 362 Personal Injury - Medical Malpractice | **PERSONAL INJURY**<br>☐ 365 Personal Injury - Product Liability<br>☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability<br>☐ 368 Asbestos Personal Injury Product Liability<br>**PERSONAL PROPERTY**<br>☐ 370 Other Fraud<br>☐ 371 Truth in Lending<br>☐ 380 Other Personal Property Damage<br>☐ 385 Property Damage Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881<br>☐ 690 Other | ☐ 422 Appeal 28 USC 158<br>☐ 423 Withdrawal 28 USC 157<br>**PROPERTY RIGHTS**<br>☐ 820 Copyrights<br>☐ 830 Patent<br>☐ 835 Patent - Abbreviated New Drug Application<br>☐ 840 Trademark<br>☐ 880 Defend Trade Secrets Act of 2016 | ☐ 375 False Claims Act<br>☐ 376 Qui Tam (31 USC 3729(a))<br>☐ 400 State Reapportionment<br>☐ 410 Antitrust<br>☐ 430 Banks and Banking<br>☐ 450 Commerce<br>☐ 460 Deportation<br>☐ 470 Racketeer Influenced and Corrupt Organizations<br>☐ 480 Consumer Credit (15 USC 1681 or 1692)<br>☐ 485 Telephone Consumer Protection Act<br>☐ 490 Cable/Sat TV |
| **REAL PROPERTY**<br>☐ 210 Land Condemnation<br>☐ 220 Foreclosure<br>☐ 230 Rent Lease & Ejectment<br>☐ 240 Torts to Land<br>☐ 245 Tort Product Liability<br>☐ 290 All Other Real Property | **CIVIL RIGHTS**<br>☐ 440 Other Civil Rights<br>☐ 441 Voting<br>☐ 442 Employment<br>☐ 443 Housing/ Accommodations<br>☐ 445 Amer. w/Disabilities - Employment<br>☐ 446 Amer. w/Disabilities - Other<br>☐ 448 Education | **PRISONER PETITIONS**<br>**Habeas Corpus:**<br>☐ 463 Alien Detainee<br>☐ 510 Motions to Vacate Sentence<br>☐ 530 General<br>☐ 535 Death Penalty<br>**Other:**<br>☐ 540 Mandamus & Other<br>☐ 550 Civil Rights<br>☐ 555 Prison Condition<br>☐ 560 Civil Detainee - Conditions of Confinement | **LABOR**<br>☐ 710 Fair Labor Standards Act<br>☐ 720 Labor/Management Relations<br>☐ 740 Railway Labor Act<br>☐ 751 Family and Medical Leave Act<br>☐ 790 Other Labor Litigation<br>☐ 791 Employee Retirement Income Security Act<br><br>**IMMIGRATION**<br>☐ 462 Naturalization Application<br>☐ 465 Other Immigration Actions | **SOCIAL SECURITY**<br>☐ 861 HIA (1395ff)<br>☐ 862 Black Lung (923)<br>☐ 863 DIWC/DIWW (405(g))<br>☐ 864 SSID Title XVI<br>☐ 865 RSI (405(g))<br>**FEDERAL TAX SUITS**<br>☐ 870 Taxes (U.S. Plaintiff or Defendant)<br>☐ 871 IRS—Third Party 26 USC 7609 | ☐ 850 Securities/Commodities/ Exchange<br>☐ 890 Other Statutory Actions<br>☐ 891 Agricultural Acts<br>☐ 893 Environmental Matters<br>☐ 895 Freedom of Information Act<br>☐ 896 Arbitration<br>☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision<br>☐ 950 Constitutionality of State Statutes |

## V. ORIGIN *(Place an "X" in One Box Only)*

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| ☐ 1 Original Proceeding | ☒ 2 Removed from State Court | ☐ 3 Remanded from Appellate Court | ☐ 4 Reinstated or Reopened | ☐ 5 Transferred from Another District *(specify)* | ☐ 6 Multidistrict Litigation - Transfer | ☐ 8 Multidistrict Litigation - Direct File |

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
28 U.S.C. SS 1332 (Diversity) and 1441 et seq. (Removal)

Brief description of cause:
Alleged professional liability - pharmacy

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

**DEMAND $**
>75,000.00

CHECK YES only if demanded in complaint:
**JURY DEMAND:**  ☒ Yes   ☐ No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):*

JUDGE _____   DOCKET NUMBER _____

DATE
05/25/2022

SIGNATURE OF ATTORNEY OF RECORD
A. Bryan Tomlinson

**FOR OFFICE USE ONLY**

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____

**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

**DESIGNATION FORM**
*(to be used by counsel or pro se plaintiff to indicate the category of the case for the purpose of assignment to the appropriate calendar)*

Address of Plaintiff: c/o Mullaney & Mullaney, LLC, P.O. Box 1368, 3881 Skippack Pike, Skippack, PA  19474

Address of Defendant: One CVS Drive, Woonsocket, RI  02895

Place of Accident, Incident or Transaction: One CVS Drive, Woonsocket, RI  02895

---

**RELATED CASE, IF ANY:**

Case Number: _____     Judge: _____     Date Terminated: _____

Civil cases are deemed related when *Yes* is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?     Yes ☐   No ☑

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?     Yes ☐   No ☑

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action of this court?     Yes ☐   No ☑

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?     Yes ☐   No ☑

I certify that, to my knowledge, the within case ☐ **is** / ☐ **is not** related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE 05/25/2022     _____     206114

*Attorney-at-Law / Pro Se Plaintiff*     *Attorney I.D. # (if applicable)*

---

**CIVIL: (Place a √ in one category only)**

**A.    *Federal Question Cases:***

☐ 1.  Indemnity Contract, Marine Contract, and All Other Contracts
☐ 2.  FELA
☐ 3.  Jones Act-Personal Injury
☐ 4.  Antitrust
☐ 5.  Patent
☐ 6.  Labor-Management Relations
☐ 7.  Civil Rights
☐ 8.  Habeas Corpus
☐ 9.  Securities Act(s) Cases
☐ 10. Social Security Review Cases
☐ 11. All other Federal Question Cases
      *(Please specify):* _____

**B.    *Diversity Jurisdiction Cases:***

☐ 1.  Insurance Contract and Other Contracts
☐ 2.  Airplane Personal Injury
☐ 3.  Assault, Defamation
☐ 4.  Marine Personal Injury
☐ 5.  Motor Vehicle Personal Injury
☑ 6.  Other Personal Injury *(Please specify):* Professional Liability Actio
☐ 7.  Products Liability
☐ 8.  Products Liability – Asbestos
☐ 9.  All other Diversity Cases
      *(Please specify):* _____

---

**ARBITRATION CERTIFICATION**
*(The effect of this certification is to remove the case from eligibility for arbitration.)*

I, Albert Bryan Tomlinson, Esquire , counsel of record *or pro se plaintiff*, do hereby certify:

☑ Pursuant to Local Civil Rule 53.2, § 3(c) (2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs:

☐ Relief other than monetary damages is sought.

DATE 05/25/2022     _____     206114

*Attorney-at-Law / Pro Se Plaintiff*     *Attorney I.D. # (if applicable)*

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38

Civ. 609 (5/2018)

## <u>JOHN DOE V. CVS HEALTH CORPORATION, ET AL</u>
## <u>COMPLETE LIST OF DEFENDANTS</u>

1.      CVS HEALTH CORPORATION
        One CVS Drive
        Woonsocket, RI  02895

2.      CVS PHARMACY, INC.
        One CVS Drive
        Woonsocket, RI  02895

3.      CVS CAREMARK SPECIALTY PHARMCY,
        Ind. and d/b/a CVS SPECIALTY
        One CVS Drive
        Woonsocket, RI   02895

4.      PROCARE PHARMACY, LLC, Ind. and d/b/a CVS SPECIALTY #2553
        One CVS Drive
        Woonsocket, RI  02895

5.      CVS SPECIALTY, INC., Ind. and d/b/a CVS PHARMACY SPECIALTY SERVICES
        and/or CVS SPECIALTY
        One CVS Drive
        Woonsocket, RI   02895

**IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| JOHN DOE | : | |
| | : | |
| v. | : | |
| | : | |
| CVS HEALTH CORPORATION | : | |
| One CVS Drive | : | |
| Woonsocket, RI 02895 | : | |
| | : | |
| and | : | |
| | : | |
| CVS PHARMACY, INC. | : | |
| One CVS Drive | : | |
| Woonsocket, RI 02895 | : | |
| | : | |
| and | : | |
| | : | |
| CVS CAREMARK SPECIALTY PHARMACY, | : | |
| Individually, and d/b/a CVS SPECIALTY | : | |
| One CVS Drive | : | |
| Woonsocket, RI 02895 | : | NO. |
| | : | |
| and | : | |
| | : | |
| PROCARE PHARMACY, LLC, Individually, and | : | |
| d/b/a CVS SPECIALTY #2553 | : | |
| One CVS Drive | : | |
| Woonsocket, RI 02895 | : | |
| | : | |
| and | : | |
| | : | |
| CVS SPECIALTY, INC., Individually, and | : | |
| d/b/a CVS PHARMACY SPECIALTY SERVICES | : | |
| and/or CVS Specialty | : | |
| One CVS Drive | : | |
| Woonsocket, RI 02895 | : | |
| | : | |
| and | : | |
| | : | |
| JOHN ROE (1-10) | : | |
| | : | |

**<u>DEFENDANTS' NOTICE OF REMOVAL PURSUANT TO 28 U.S.C. § 1441</u>**

Defendants, CVS Health Corporation, CVS Pharmacy, Inc., ProCare Pharmacy, L.L.C. (named in Plaintiff's Complaint as "Procare Pharmacy, LLC, Individually, and d/b/a CVS Specialty #2553 and/or CVS/Specialty"), "CVS Caremark Specialty Pharmacy, Individually, and d/b/a CVS Specialty", and "CVS Specialty, Inc., Individually, and d/b/a CVS Pharmacy Specialty Services and/or CVS Specialty" (hereinafter "Defendants"), by and through their attorneys, Post & Schell, P.C., hereby remove the above-captioned action – which is presently docketed in the Court of Common Pleas of Philadelphia County at April 2022 Term No. 001270 – pursuant to 28 U.S.C. § 1441 et seq. In support thereof, Defendants aver as follows:

**<u>Background</u>**

1.      This is a professional liability action in which Plaintiff, John Doe, alleges Defendants, CVS Health Corporation, CVS Pharmacy, Inc., ProCare Pharmacy, L.L.C. (named in Plaintiff's Complaint as "Procare Pharmacy, LLC, Individually, and d/b/a CVS Specialty #2553 and/or CVS/Specialty"), "CVS Caremark Specialty Pharmacy, Individually, and d/b/a CVS Specialty", and "CVS Specialty, Inc., Individually, and d/b/a CVS Pharmacy Specialty Services and/or CVS Specialty", by and through their agents, servants, workmen, representatives, contractors, and subcontractors failed to maintain confidentiality of Plaintiff's HIV-related information by failing to deliver his medication to the correct address. *See Exhibit "A," a true and correct copy of Plaintiff's Complaint,* at ¶¶ 8, and 46. Plaintiff alleges a breach of confidentiality under the Pennsylvania Confidentiality of HIV-Related Information Act, (<u>id.</u> at Count I), negligence, (<u>id.</u> at Count II), and invasion of privacy, (Count III).

2.      Plaintiff contends that, as a result of this alleged behavior, his prescription medication information was made available to his neighbor and potentially others, that Plaintiff no

longer knows who is privy to his health information, and that he was forced to move from his neighborhood that he had resided in for nineteen (19) years as a result of gossip. (Id., ¶¶ 23-25).

3.      Plaintiff also contends that Defendants' alleged conduct caused Plaintiff to suffer from Post-Traumatic Stress Disorder, Anxiety Disorder, Panic Disorder, anxiety, stress, emotional distress, mental anguish, paranoia, sleeplessness, depression, humiliation, embarrassment, frustration, fear and loss of social support, headaches, impaired relationship functioning, emotional dysregulation, impaired activities of daily living, aggravation of underlying and/or preexisting conditions, loss of enjoyment of life and loss of life's pleasures. (Id., ¶ 26).

4.      Finally, Plaintiff contends that as a result of this alleged behavior, Plaintiff has had to undergo medical care, to expend sums of money or to incur various expenses in an effort to cure his injuries, that he may be obligated to continue to receive and undergo medical attention and care and continue to expend such some sums or incur such expenditures for an indefinite time in the future. (Id., ¶ 27). Additionally, Plaintiff alleges he has and may hereafter incur other financial expenses or losses. (Id., ¶ 28).

5.      Defendants deny any and all allegations of negligence, carelessness, and/or any other tortious conduct, and deny any and all allegations of liability for any alleged injuries, damages, and/or losses.

**<u>The Parties</u>**

6.      Plaintiff, John Doe, is a citizen of Pennsylvania residing in Philadelphia, Pennsylvania. (Id., ¶ 1.).

7.      Defendant, CVS Health Corporation, is a corporation organized and existing under the laws of the State of Delaware with its principal place of business, headquarters, and center of direction, control, and coordination in Woonsocket, Rhode Island. *See Exhibit "B," a true and*

*accurate copy of the Affidavit of Thomas Moffatt in Support of Defendants' Notice of Removal*, ¶ 4.

8.      Defendant, CVS Pharmacy, Inc., is a corporation organized and existing under the laws of the State of Rhode Island with its principal place of business, headquarters, and center of direction, control, and coordination in Woonsocket, Rhode Island. (See Exhibit "B," ¶ 5.)

9.      Plaintiff's Complaint names "CVS Caremark Specialty Pharmacy, Individually, and d/b/a CVS Specialty" as a defendant in the above captioned action. There is no such legal entity. (See Exhibit "B," ¶ 6.)

10.     Defendant, ProCare Pharmacy, L.L.C. (named in Plaintiff's Complaint as "Procare Pharmacy, LLC, Individually, and d/b/a CVS Specialty #2553 and/or CVS/Specialty") is a limited liability company organized and existing under the laws of the State of Rhode Island. The sole member of ProCare Pharmacy, L.L.C. is CVS Pharmacy, Inc., which is a corporation organized and existing under the laws of the State of Rhode Island with its principal place of business, headquarters, and center of direction, control, and coordination in Woonsocket, Rhode Island. (See Exhibit "B," ¶ 7.)

11.     Plaintiff's Complaint names "CVS Specialty, Inc., Individually, and d/b/a CVS Pharmacy Specialty Services and/or CVS Specialty" as a defendant in the above captioned action. There is no such legal entity. (Id. ¶ 8.)

## **Procedural History**

12.     On April 15, 2022, Plaintiff initiated this action by filing a Complaint in the Philadelphia County Court of Common Pleas. (See Exhibit "A.")

13.    A copy of the Complaint was transmitted to Defendants on or after April 25, 2022. *See Exhibit "C," a true and accurate copy of cover letter from Plaintiff's Counsel enclosing a copy of the Complaint.*

14.    Plaintiff filed a Motion to Proceed Under Pseudonym on April 19, 2022, and the motion was granted on May 12, 2022. *See Exhibit "D," a true and correct copy of the Court's May 12, 2022 Order granting Plaintiff's Motion to Proceed Under Pseudonym.*

15.    Pursuant to 28 U.S.C. § 1446(b)(2)(B), "[e]ach defendant shall have 30 days after receipt by or service on that defendant of the initial pleading or summons … to file a notice of removal."

16.    This notice of removal, and related papers, has been filed within thirty (30) days of receipt of the Complaint by a defendant and is, therefore, timely under 28 U.S.C. § 1446(b).

**Basis for Removal to Federal Court**

17.    A defendant may remove a civil action that was filed in a state court to the federal court for the district in which the state court action is pending, provided the federal court would have original jurisdiction to address the matter. See 28 U.S.C. §§ 1441(a); 1446(a).

18.    As set forth herein, this Court's original jurisdiction over the instant matter is based upon diversity of citizenship under 28 U.S.C. § 1332, insofar as all parties are of diverse citizenship at all times material hereto, and Plaintiff's claimed damages are in excess of $75,000.

19.    The burden of demonstrating federal court jurisdiction under 28 U.S.C. § 1332 is on the party invoking that jurisdiction, see Frederico v. Home Depot, 507 F.3d 188, 193 (3d Cir. 2007), and the defendant's right to remove is to be determined according to the plaintiff's pleading at the time of the petition for removal. See Meritcare Inc. v. St. Paul Mercury Ins. Co., 166 F.3d 214, 217 (3d Cir. 1999).

*The Adverse Parties are Completely Diverse*

20.     Complete diversity of citizenship between the parties exists when "every plaintiff [is] of diverse state citizenship from every defendant." In re Briscoe, 448 F.3d 201, 215 (3d Cir. 2006).

21.     A corporation is considered to be a citizen of its state of incorporation and the state where it has its principal place of business. 28 U.S.C. § 1332(c).

22.     Under the "nerve center" test adopted by the United States Supreme Court, a corporation's principal place of business is the headquarters of the corporation, *i.e.* that "place where a corporation's officers direct, control, and coordinate the corporation's activities." Hertz Corp. v. Friend, 559 U.S. 77, 92-93 (2010).

23.     Meanwhile, "the citizenship of an LLC is determined by the citizenship of each of its members." Zambelli Fireworks Mfg. Co. v. Wood, 592 F.3d 412, 418 (3d Cir. 2010).

24.     Plaintiff is a citizen of Pennsylvania. (See Exhibit "A," ¶ 1.)

25.     Defendant, CVS Health Corporation, is a citizen of both the State of Delaware, its state of incorporation, and Rhode Island, its principal place of business. (See Exhibit "B," ¶ 4.)

26.     Defendant, CVS Pharmacy, Inc., is a citizen of Rhode Island, as this state is its state of incorporation and its principal place of business. (See Exhibit "B," ¶ 5.)

27.     Defendant, ProCare Pharmacy, L.L.C., is a limited liability company whose sole member is CVS Pharmacy, Inc. (See id. ¶ 7.) As the sole member of this limited liability company, the citizenship of CVS Pharmacy, Inc (Rhode Island), (see id., ¶ 5), is used to determine the citizenship of ProCare Pharmacy, L.L.C. Therefore, Defendant, ProCare Pharmacy, L.L.C., is also a citizen of the State of Rhode Island.

28.     Plaintiff's Complaint names "CVS Caremark Specialty Pharmacy, Individually, and d/b/a CVS Specialty" and "CVS Specialty, Inc., Individually, and d/b/a CVS Pharmacy Specialty Services and/or CVS Specialty" as defendants; however, there are no such legal entities. These are non-jural entities that are not considered for purposes of determining complete diversity of citizenship. See Cruz v. Walgreens Store #5522, 2020 U.S. Dist. LEXIS 136078 at *8-9 (E.D. Pa. July 31, 2020) ("A defendant that is a non-existent business entity is not required to join in or consent to the removal of a case, nor is the citizenship of the non-existent entity considered for purposes of complete diversity of citizenship. … Courts may consider affidavits, declarations, and other supporting evidence in determining whether an entity is a non-jural entity.")

29.     With respect to fictitious defendants "John Roe (1-10)", (see, e.g., Exhibit "A" ¶ 7), pursuant to 28 USCS § 1441, Defendants sued under fictitious names shall be disregarded, so the inclusion of "John Roe (1-10)" does not defeat diversity jurisdiction. See 28 U.S.C.S § 1441(b)(1) ("In determining whether a civil action is removable on the basis of the jurisdiction under section 1332(a) of this title [28 USCS § 1332(a)], the citizenship of defendants sued under fictitious names shall be disregarded").

30.     As a result, there is complete diversity of citizenship between the Plaintiff (Pennsylvania) and Defendants (Delaware and Rhode Island).

### The Amount in Controversy Exceeds $75,000

31.     Under 28 U.S.C. §1332(a), federal jurisdiction based on diversity of citizenship requires that the amount in controversy exceed $75,000.

32.     The amount in controversy is measured by the pecuniary value of the rights being litigated. Hunt v. Washington Apple Advertising Commission, 432 U.S. 333, 347, 53 L. Ed. 2d 383, 97 S. Ct. 2434 (1977).

33.    Generally, the amount in controversy is evaluated by looking to the demand for relief in the complaint. See, e.g., Samuel-Bassett v. Kia Motors America, Inc., 357 F.3d 392, 398-99 (3d Cir. 2004).

34.    Where, however, the claim for damages is not specific as to the amount, "the amount in controversy is not measured by the low end of an open-ended claim, but rather by a reasonable reading of the value of the rights being litigated." See Angus v. Shiley Inc., 989 F.2d 142, 146 (3d Cir. 1993).

35.    In addition, where the plaintiff does not specifically aver in its complaint that the amount in controversy is less than the jurisdictional minimum, removal should be permitted unless it appears to a legal certainty that the plaintiff cannot recover the jurisdictional minimum. See Samuel-Bassett, 357 F.3d at 397-98; see also St. Paul Mercury Indem. Co. v. Red Cab Co., 303 U.S. 283, 288-89 (1938).

36.    The Court must find that the amount in controversy requirement has been satisfied when a reasonable jury could value the plaintiff's losses at an amount above the jurisdictional minimum. See Angus, 989 F.2d at 146; see also Corwin Jeep Sales & Service v. American Motors Sales Corp., 670 F. Supp. 591, 596 (M.D. Pa. 1986) (finding amount in controversy requirement met when the court could not "find to a legal certainty that the parties' respective rights under the franchise agreement are worth less than the jurisdictional minimum.").

37.    In this case, Plaintiff contends: "As a direct and proximate result of Defendants' disclosure, Plaintiff suffered injuries and damages including, but not limited to, Post-Traumatic Stress Disorder, Anxiety Disorder, Panic Disorder, anxiety, stress, emotional distress, mental anguish, paranoia, sleeplessness, depression, humiliation, embarrassment, frustration, fear and loss of social support, headaches, impaired relationship functioning, emotional dysregulation, impaired

activities of daily living, aggravation of underlying and/or preexisting conditions, loss of enjoyment of life and loss of life's pleasures." (Exhibit "A," ¶ 26.)

38.     Additionally, Plaintiff contends that as a direct and proximate result of the accident as described above, "Plaintiff has been obliged to receive and undergo medical attention and care, and to expend sums of money or to incur various expenses in an effort to effect a cure of his aforesaid injuries, and he may be obligated to continue to receive and undergo medical attention and care and continue to expend such some sums or incur such expenditures for an indefinite time in the future." (Id., ¶ 27).

39.     Finally, Plaintiff alleges he has and may hereafter incur other financial expenses or losses. (Id., ¶ 28).

40.     As mentioned above, Plaintiff has alleged that he suffers from PTSD, anxiety, paranoia, sleeplessness, depression, numerous other emotional issues, headaches, and impaired activities of daily living, all of which he allegedly has had to expend sums of money for and may be obligated to continue to expend such some sums for an indefinite time in the future. (Id., ¶ 26 and 27).

41.     While Defendants deny any and all allegations of negligence, carelessness, and/or any other liability-producing conduct, and deny any and all allegations of liability for any alleged injuries, damages, and/or losses, considering the damages claimed by Plaintiff, a reasonable jury could value the alleged losses in an amount in excess of the $75,000 amount in controversy minimum.

42.     For all of the foregoing reasons, the instant action satisfies the amount in controversy requirement pursuant to 28 U.S.C. § 1332, as the amount in controversy is in excess

of $75,000 and it cannot be said "to a legal certainty" that Plaintiff cannot recover more than that amount.

### Conclusion

43.     This Court has original jurisdiction over the instant matter based upon diversity of citizenship under 28 U.S.C. § 1332, as all parties are of diverse citizenship at all times material hereto, and Plaintiff's claimed damages are in excess of $75,000.

44.     The United States District Court for the Eastern District of Pennsylvania is the District Court having jurisdiction over this matter, as the instant civil matter was originally filed in the Court of Common Pleas of Philadelphia County.

45.     Defendants have timely filed for removal of the instant matter to this Court, as they have filed this Notice of Removal within thirty (30) days of receipt of initial process. 28 U.S.C. § 1446(b).

46.     As required under 28 U.S.C. § 1446(d), Defendants have also filed copies of this Notice of Removal, and related papers, with the Office of Prothonotary for the Court of Common Pleas of Philadelphia County, in order to effect the removal of this action.

47.     Simultaneous with the filing of this Notice of Removal, Defendants have given written Notice of Removal to counsel for Plaintiff.

**WHEREFORE**, pursuant to 28 U.S.C. §§ 1441 and 1446, Defendants, CVS Health Corporation, CVS Pharmacy, Inc., ProCare Pharmacy, L.L.C. (named in Plaintiff's Complaint as "Procare Pharmacy, LLC, Individually, and d/b/a CVS Specialty #2553 and/or CVS/Specialty"), "CVS Caremark Specialty Pharmacy, Individually, and d/b/a CVS Specialty", and "CVS Specialty, Inc., Individually, and d/b/a CVS Pharmacy Specialty Services and/or CVS Specialty", respectfully request that the above-captioned matter, now pending in the Court of Common Pleas

of Philadelphia County, be removed to the United States District Court for the Eastern District of

Pennsylvania.

**POST & SCHELL, P.C.**

BY:

**DATED:** May 25, 2022

Amalia V. Romanowicz, Esquire (I.D. #65412)
A. Bryan Tomlinson, Esquire (I.D. #206114)
Four Penn Center, 13th Floor
1600 John F. Kennedy Blvd.
Philadelphia, PA  19103-2808
(215) 587-1000 (Telephone)
(215) 587-1444 (Facsimile)
aromanowicz@postschell.com
btomlinson@postschell.com
ATTORNEYS FOR DEFENDANTS

## IN THE UNITED STATES DISTRICT COURT FOR THE
## EASTERN DISTRICT OF PENNSYLVANIA

JOHN DOE                                              :
                                                      :
            v.                                        :
                                                      :
CVS HEALTH CORPORATION                                :
One CVS Drive                                         :
Woonsocket, RI 02895                                  :
                                                      :
            and                                       :
                                                      :
CVS PHARMACY, INC.                                    :
One CVS Drive                                         :
Woonsocket, RI 02895                                  :
                                                      :
            and                                       :
                                                      :
CVS CAREMARK SPECIALTY PHARMACY,                      :
Individually, and d/b/a CVS SPECIALTY                 :
One CVS Drive                                         :
Woonsocket, RI 02895                                  :         NO.
                                                      :
            and                                       :
                                                      :
PROCARE PHARMACY, LLC, Individually, and              :
d/b/a CVS SPECIALTY #2553                             :
One CVS Drive                                         :
Woonsocket, RI 02895                                  :
                                                      :
            and                                       :
                                                      :
CVS SPECIALTY, INC., Individually, and                :
d/b/a CVS PHARMACY SPECIALTY SERVICES                 :
and/or CVS Specialty                                  :
One CVS Drive                                         :
Woonsocket, RI 02895                                  :
                                                      :
            and                                       :
                                                      :
JOHN ROE (1-10)                                       :
                                                      :

## <u>CERTIFICATE OF SERVICE</u>

I, A. Bryan Tomlinson, Esquire, hereby certify that service of a true and correct copy of

the within *Notice for Removal* was made upon all counsel of record via the Court's ECF filing

system on this 25th day of May, 2022:

Gerald J. Mullaney, Jr., Esquire
**MULLANEY & MULLANEY, LLC**
3881 Skippack Pike, P.O. Box 1368
Skippack, PA   19474
mullaneyg@mullaneylaw.com
*Attorney for Plaintiff*

**POST & SCHELL, P.C.**

**BY**:

**DATED:** May 25, 2022

Amalia V. Romanowicz, Esquire (I.D. #65412)
A. Bryan Tomlinson, Esquire (I.D. #206114)
Four Penn Center, 13th Floor
1600 John F. Kennedy Blvd.
Philadelphia, PA  19103-2808
(215) 587-1000 (Telephone)
(215) 587-1444 (Facsimile)
aromanowicz@postschell.com
btomlinson@postschell.com
ATTORNEYS FOR DEFENDANTS

2

# EXHIBIT "A"

Court of Common Pleas of Philadelphia County
Trial Division

# Civil Cover Sheet

For Prothonotary Use Only (Docket Number)

**APRIL 2022**

E-Filing Number: 2204030915

**001270**

| PLAINTIFF'S NAME | DEFENDANT'S NAME |
|---|---|
| JOHN DOE | CVS HEALTH CORPORATION |

| PLAINTIFF'S ADDRESS | DEFENDANT'S ADDRESS |
|---|---|
| C/O MULLANEY & MULLANEY, LLC P.O. BOX 1368 3881 SKIPPACK PIKE SKIPPACK PA 19474 | ONE CVS DRIVE WOONSOCKET RI 02895 |

| PLAINTIFF'S NAME | DEFENDANT'S NAME |
|---|---|
| | CVS PHARMACY, INC. |

| PLAINTIFF'S ADDRESS | DEFENDANT'S ADDRESS |
|---|---|
| | ONE CVS DRIVE WOONSOCKET RI 02895 |

| PLAINTIFF'S NAME | DEFENDANT'S NAME |
|---|---|
| | CVS CAREMARK SPECIALTY PHARMACY, ALIAS: CVS SPECIALTY |

| PLAINTIFF'S ADDRESS | DEFENDANT'S ADDRESS |
|---|---|
| | ONE CVS DRIVE WOONSOCKET RI 02895 |

| TOTAL NUMBER OF PLAINTIFFS | TOTAL NUMBER OF DEFENDANTS | COMMENCEMENT OF ACTION |
|---|---|---|
| 1 | 6 | ☒ Complaint  ☐ Petition Action  ☐ Notice of Appeal<br>☐ Writ of Summons  ☐ Transfer From Other Jurisdictions |

| AMOUNT IN CONTROVERSY | COURT PROGRAMS | | |
|---|---|---|---|
| ☐ $50,000.00 or less<br>☒ More than $50,000.00 | ☐ Arbitration<br>☒ Jury<br>☐ Non-Jury<br>☐ Other: | ☐ Mass Tort<br>☐ Savings Action<br>☐ Petition | ☐ Commerce<br>☐ Minor Court Appeal<br>☐ Statutory Appeals | ☐ Settlement<br>☐ Minors<br>☐ W/D/Survival |

**CASE TYPE AND CODE**

2O - PERSONAL INJURY - OTHER

**STATUTORY BASIS FOR CAUSE OF ACTION**

| RELATED PENDING CASES (LIST BY CASE CAPTION AND DOCKET NUMBER) | | IS CASE SUBJECT TO COORDINATION ORDER? |
|---|---|---|
| | **FILED**<br>**PRO PROTHY**<br>APR **15** 2022<br>**S. RICE** | YES          NO |

**TO THE PROTHONOTARY:**

Kindly enter my appearance on behalf of Plaintiff/Petitioner/Appellant: JOHN DOE

Papers may be served at the address set forth below.

| NAME OF PLAINTIFF'S/PETITIONER'S/APPELLANT'S ATTORNEY | ADDRESS |
|---|---|
| GERALD J. MULLANEY | 3881 SKIPPACK PIKE P.O. BOX 1368 SKIPPACK PA 19474 |

| PHONE NUMBER | FAX NUMBER | |
|---|---|---|
| (610)584-4416 | (610)584-9856 | |

| SUPREME COURT IDENTIFICATION NO. | E-MAIL ADDRESS |
|---|---|
| 58161 | dbrobst@mullaneylaw.com |

| SIGNATURE OF FILING ATTORNEY OR PARTY | DATE SUBMITTED |
|---|---|
| *GERALD MULLANEY* | Friday, April 15, 2022, 12:55 pm |

FINAL COPY (Approved by the Prothonotary Clerk)

**COMPLETE LIST OF DEFENDANTS:**

```
1. CVS HEALTH CORPORATION
     ONE CVS DRIVE
     WOONSOCKET RI 02895
2. CVS PHARMACY, INC.
     ONE CVS DRIVE
     WOONSOCKET RI 02895
3. CVS CAREMARK SPECIALTY PHARMACY
     ALIAS: CVS SPECIALTY
     ONE CVS DRIVE
     WOONSOCKET RI 02895
4. PROCARE PHARMACY, LLC
     ALIAS: CVS SPECIALTY #2553
     ONE CVS DRIVE
     WOONSOCKET RI 02895
5. CVS SPECIALTY, INC.
     ALIAS: CVS SPECIALTY
     ONE CVS DRIVE
     WOONSOCKET RI 02895
6. JOHN ROE (1-10)
     TO BE DETERMINED
     TBD PA 00000
```

Gerald J. Mullaney, Jr., Esquire
MULLANEY & MULLANEY, LLC
I.D. No. 58161
3881 Skippack Pike, P.O. Box 1368
Skippack, PA  19474
610-584-4416

Attorney for Plaintiff
John Doe



Filed and Attested by the
Office of Judicial Records
15 APR 2022 12:55 pm
S. RICE

| | |
|---|---|
| JOHN DOE | : COURT OF COMMON PLEAS OF |
| | : PHILADELPHIA, PENNSYLVANIA |
| v. | : CIVIL ACTION – LAW |
| | : |
| CVS HEALTH CORPORATION | : April Term, 2022 |
| One CVS Drive | : |
| Woonsocket, RI  02895 | : No. |
| | : |
| and | : |
| | : |
| CVS PHARMACY, INC. | : |
| One CVS Drive | : |
| Woonsocket, RI  02895 | : |
| | : |
| and | : |
| | : |
| CVS CAREMARK SPECIALTY PHARMACY, | : |
| Individually, and d/b/a CVS SPECIALTY | : |
| One CVS Drive | : |
| Woonsocket, RI  02895 | : |
| | : |
| and | : |
| | : |
| PROCARE PHARMACY, LLC, Individually, and | : |
| d/b/a CVS SPECIALTY #2553 | : |
| One CVS Drive | : |
| Woonsocket, RI  02895 | : |
| | : |
| and | : |
| | : |
| CVS SPECIALTY, INC., Individually, and | : |
| d/b/a CVS PHARMACY SPECIALTY SERVICES | : |
| and/or CVS Specialty                        : | : |
| One CVS Drive | : |
| Woonsocket, RI  02895 | : |
| | : |
| and | : |
| | : |

JOHN ROE (1-10)                    :        JURY TRIAL IS DEMANDED

---

## **NOTICE TO DEFEND**

### "NOTICE"

"You have been sued in court.  If you wish to defend against the claims set forth in the following pages, you must take action within twenty (20) days after this complaint and notice are served, by entering a written appearance personally or by attorney and filing in writing with the court your defenses or objections to the claims set forth against you.  You are warned that if you fail to do so the case may proceed without you and a judgment may be entered against you by the court without further notice for any money claimed in the complaint or for any other claim or relief requested by the plaintiff.  You may lose money or property or other rights important to you.

"YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE.  IF YOU DO NOT HAVE A LAWYER OR CANNOT AFFORD ONE, GO TO OR TELEPHONE THE OFFICE SET FORTH BELOW TO FIND OUT WHERE YOU CAN GET LEGAL HELP."

PHILADELPHIA BAR ASSOCIATION
LAWYER REFERRAL AND INFORMATION SERVICE
One Reading Center
Philadelphia, PA 19107
(215) 238-6333
TTY (215) 451-6197

### "AVISO"

"Le han demando a usted en la corte.  Si usted quiere defenderse de estas demandas expuestas en las páginas siguientes, usted tiene veinte (20) días de plazo al partir de la fecha de la demanda y la notificación.  Hace falta asentar una comparencia escrita o en persona o con un abogado y entregar a la corte en forma escrita sus defensas o sus objeciones a las demandas en contra de su persona.  Sea avisado que si usted no se defiende, la corte tomará medidas y puede continuar la demanda en contra suya sin previo aviso o notificación.  Además, la corte puede decidir a favor del demandante y requiere que usted cumpla con todas las provisiones de esta demanda.  Usted puede perder dinero o sus propiedades u otros derechos importantes para usted.

"LLEVE ESTA DEMANDA A UN AGOGADO INMEDIATAMENTE.  SI NO TIENE ABOGADO O SI NO TIENE EL DINERO SUFICIENTE DE PAGAR TAL SERVICIO, VAYA EN PERSONA O LLAME POR TELEFONO A LA OFICINA CUYA DIRECCION SE ENCUENTRA ESCRITA ABAJO PARA AVERIGUAR DONDE SE PUEDE CONSEGUIR ASISTENCIA LEGAL."

ASOCIACIÓN DE LICENCIADOS DE FILADEFIA
SERVICIO DE REFERENCIA E INFORMACIÓN LEGAL
One Reading Center
Filadelfia, PA 19107
(215) 238-6333
TTY (215) 451-6197

Case ID: 220401270

Gerald J. Mullaney, Jr., Esquire                          Attorney for Plaintiff,
MULLANEY & MULLANEY, LLC                                  John Doe
I.D. No. 58161
3881 Skippack Pike, P.O. Box 1368
Skippack, PA  19474
610-584-4416

---

| | |
|---|---|
| JOHN DOE | : COURT OF COMMON PLEAS OF |
| | : PHILADELPHIA, PENNSYLVANIA |
| v. | : CIVIL ACTION – LAW |
| | : |
| CVS HEALTH CORPORATION | : April Term, 2022 |
| One CVS Drive | : |
| Woonsocket, RI  02895 | : No. |
| | : |
| and | : |
| | : |
| CVS PHARMACY, INC. | : |
| One CVS Drive | : |
| Woonsocket, RI  02895 | : |
| | : |
| and | : |
| | : |
| CVS CAREMARK SPECIALTY PHARMACY, | : |
| Individually, and d/b/a CVS SPECIALTY | : |
| One CVS Drive | : |
| Woonsocket, RI  02895 | : |
| | : |
| and | : |
| | : |
| PROCARE PHARMACY, LLC, Individually, and | : |
| d/b/a CVS SPECIALTY #2553 and/or | : |
| CVS SPECIALTY | : |
| One CVS Drive | : |
| Woonsocket, RI  02895 | : |
| | : |
| and | : |
| | : |
| CVS SPECIALTY, INC., Individually, and | : |
| d/b/a CVS PHARMACY SPECIALTY SERVICES | : |
| and/or CVS Specialty | : |
| One CVS Drive | : |
| Woonsocket, RI  02895 | : |
| | : |
| and | : |

|  |  |  |
|---|---|---|
|  | : |  |
| JOHN ROE (1-10) | : | JURY TRIAL IS DEMANDED |

## **COMPLAINT**

Plaintiff, John Doe, by and through their attorneys, Mullaney & Mullaney, LLC, bring these causes of action against the Defendants, CVS Health Corporation, CVS Pharmacy, Inc., CVS Caremark Specialty Pharmacy, Individually, and d/b/a CVS Specialty, Procare Pharmacy, LLC, Individually, and d/b/a CVS Specialty #2553 and/or CVS Specialty, CVS Specialty, Inc., Individually, and d/b/a CVS Pharmacy Specialty Services and/or CVS Specialty, and John Roe (1-10), and in support thereof states the following:

1.     Plaintiff, John Doe, is an adult male residing in Philadelphia County, Pennsylvania.

2.     Defendant, CVS Health Corporation, is a corporation or business entity organized and authorized to do business in Pennsylvania, having a principal place of business at One CVS Drive, Woonsocket, Rhode Island.

3.     Defendant, CVS Pharmacy, Inc., is a corporation or business entity organized and authorized to do business in Pennsylvania, having a principal place of business at One CVS Drive, Woonsocket, Rhode Island.

4.     Defendant, CVS Caremark Specialty Pharmacy, Individually, and d/b/a CVS Specialty is a corporation or business entity organized and authorized to do business in Pennsylvania, having a principal place of business at One CVS Drive, Woonsocket, Rhode Island.

5.     Defendant, Procare Pharmacy, LLC, Individually, and d/b/a CVS Specialty #2553 and/or CVS/Specialty, is a corporation or business entity organized and authorized to do business in Pennsylvania, having a principal place of business at One CVS Drive, Woonsocket, Rhode Island.

6.     Defendant, CVS Specialty, Inc., Individually, and d/b/a CVS Pharmacy Specialty Services and/or CVS Specialty is a corporation or business entity organized and authorized to do business in Pennsylvania, having a principal place of business at One CVS Drive, Woonsocket, Rhode Island.

Case ID: 220401270

7.     Defendants John Roe (1-10), are persons, corporations or business entities authorized to conduct business in the Commonwealth of Pennsylvania or elsewhere with principal place(s) of business to be determined.  Defendants Roe (1-10) include other individuals, entities and/or affiliates with the CVS Defendants named herein that may have involvement or an interest in the ownership, control, operation, and management of CVS Pharmacy and/or CVS Specialty where Plaintiff purchased his medications and who were involved in the ordering, handling, processing, fulfillment, packing, labeling, quality control, distribution, shipping and delivery of Plaintiff's medications, as further explained herein. Moreover, Defendants John Roe (1-10) also includes other persons, corporations or business entities that were agents, contractors, subcontractors, independent contractors of the CVS Defendants named herein and who were involved and/or responsible for the ordering, handling, processing, fulfillment, packing, labeling, quality control, distribution, mailing, shipping and delivery of Plaintiff's medications and/or who actually delivered Plaintiff's medications in the subject incident described hereinafter.

8.     At all times herein relevant, Defendants, CVS Health Corporation, CVS Pharmacy, Inc., CVS Caremark Specialty Pharmacy, Individually, and d/b/a CVS Specialty, Procare Pharmacy, LLC, , Individually, and d/b/a CVS Specialty #2553 and/or CVS Specialty, CVS Specialty, Inc., Individually, and d/b/a CVS Pharmacy Specialty Services and/or CVS Specialty, and Defendants John Roe (1-10), (hereinafter referred to collectively as either "CVS" "CVS Defendants" and/or "Defendants") acted by and through their agents (ostensible, apparent or actual) servants, workmen, representatives, contractors, sub-contractors, independent contractors, third-parties, and/or employees, who were then and there acting within the course and scope of their agency, employment and/or authority and in furtherance of defendants' businesses.

9.     At all times herein relevant, Defendants owned, operated, managed, utilized, and controlled CVS Store No. 2553 located at 1117 Walnut Street, Philadelphia, Pennsylvania.

10.     At all times herein relevant, Defendants, CVS, owned, operated, managed and controlled CVS Pharmacy Specialty Service and or CVS Specialty (hereinafter "CVS Specialty") which provided, in part, specialty medications for individuals with rare or chronic conditions.

Case ID: 220401270

11.     At all times herein relevant, Plaintiff, John Doe, was a customer of Defendants CVS and regularly purchased his medications at CVS Store No. 2553.

12.     At all times herein relevant, Plaintiff, John Doe, was HIV positive and was prescribed HIV medication for the treatment and management of his condition.

13.     For many years prior to the subject incident, Plaintiff regularly purchased his HIV medication from Defendants and picked up his HIV medication at CVS Store 2553.

14.     In April, 2020, shortly after the beginning of the COVID pandemic, Plaintiff was contacted by a representative of Defendants CVS, who offered to deliver Plaintiff's HIV medication to his residence.

15.     In light of the COVID pandemic, Plaintiff accepted Defendants' representative's offer and was told that CVS would send a driver to deliver his next HIV prescription.

16.     On or about April 25, 2020, Defendants, CVS, delivered Plaintiff's HIV medication to Plaintiff's neighbor who lived across the street from Plaintiff.

17.     The package delivered to Plaintiff's neighbor contained the medication Triumeq, an HIV antiretroviral medication.

18.     Plaintiff was contacted by the neighbor, via Facebook, about the receipt of Plaintiff's medication.

19.     Plaintiff responded to the Facebook inquiry and acknowledged that he was the proper recipient of the medication

20.     Since Plaintiff was unavailable, Plaintiff's sister went to the neighbor's house to retrieve the medication and deliver it to his brother's residence.

21.     When Plaintiff arrived home, the packaging in which the medication was delivered was ripped open exposing the pill container which listed the Plaintiff's name and the name of the medication, Triumeq, on the label.

22.     Prior to the subject incident, Plaintiff carefully kept his HIV status private, disclosing these sensitive facts only to his medical providers.

23.     Plaintiff's prescription medication information was made available to his neighbor and suspected others and Plaintiff no longer knows who is privy to his health and personal information he had carefully kept private.

Case ID: 220401270

24.     As a direct and proximate result of Defendants' disclosure, it is suspected that Plaintiff's HIV condition became the subject of gossip among his neighbors.

25.     As a direct and proximate result of Defendants' disclosure, Plaintiff was forced to move from his neighborhood where he had resided for nineteen (19) years and incur the costs and inconvenience of temporary lodging and relocation.

26.     As a direct and proximate result of Defendants' disclosure, Plaintiff suffered injuries and damages including, but not limited to, Post-Traumatic Stress Disorder, Anxiety Disorder, Panic Disorder, anxiety, stress, emotional distress, mental anguish, paranoia, sleeplessness, depression, humiliation, embarrassment, frustration, fear and loss of social support, headaches, impaired relationship functioning, emotional dysregulation, impaired activities of daily living, aggravation of underlying and/or preexisting conditions, loss of enjoyment of life and loss of life's pleasures.

27.     As a direct and proximate result of the accident as described above, Plaintiff has been obliged to receive and undergo medical attention and care, and to expend sums of money or to incur various expenses in an effort to effect a cure of his aforesaid injuries, and he may be obligated to continue to receive and undergo medical attention and care and continue to expend such some sums or incur such expenditures for an indefinite time in the future.

28.     As a direct and proximate result of the accident as described above, Plaintiff has and may hereafter incur other financial expenses or losses.


## COUNT I
## BREACH OF CONFIDENTIALITY UNDER THE PENNSYLVANIA CONFIDENTIALITY OF HIV-RELATED INFORMATION ACT, 35 P.S. §§7601 ET SEQ. (KNOWN AS "ACT 148")

29.     All previous paragraphs are incorporated as though fully set forth herein.

30.     Defendants CVS impermissibly disclosed Plaintiff's HIV-related information in violation of Pennsylvania law.

31.     Under Pennsylvania's Confidentiality of HIV-related Information Act, 35 P.S. §7601 *et seq.* (known as "Act 148"), "no person or employee, or agent of such person, who obtains confidential HIV-related information in the course of providing any health or social

Case ID: 220401270

service...may disclose...the information...without the written consent of the subject."  35 P.S. Section 7607(a)(3).

32.     Under Section 7603 of Act 148, an individual health care provider is defined as "physician, nurse, emergency medical services worker, chiropractor, optometrist, psychologist, nurse-midwife, physician assistant, dentist or other person, including a professional corporation or partnership, providing medical, nursing, drug or alcohol rehabilitation services, mental health services, other health care services or an employee or agent of such individual or an institutional health care provider."

33.     Defendants qualify as an "individual health care provider" as defined under Act 148 and are subject to the disclosure laws of HIV-related information.

34.     Under Section 7603, "confidential HIV-related information" is defined as "any information which is in the possession of a person who provides one or more health or social services or who obtains the information pursuant to a release of confidential HIV-related information and concerns whether an individual has been the subject of an HIV-related test, or has HIV, HIV-related illness or AIDS; or any information which identifies or reasonably could identify an individual as having one or more of these conditions, including information to the individual's contacts."

35.     The fact that Plaintiff is prescribed HIV medications is HIV-related information covered by Act 148.

36.     Defendants knew or should have known that federal and state law prohibits disclosure of Plaintiff's HIV medications without prior written consent.

37.     Defendants CVS caused Plaintiff's HIV prescription information to be visible and known to his neighbor without his consent.

38.     Defendants CVS are liable for the conduct of their agents and/or employees.

39.     Defendants CVS failed to assure that their agents and/or employees adhere to statutorily mandated privacy procedures regarding confidentiality and disclosure of an individual's HIV status.

40.     As a direct and proximate result of this unlawful, careless, and insensitive breach of confidentiality, the privacy of Plaintiff's HIV status was compromised.

41.     As a further proximate result of this unlawful breach of confidentiality, Plaintiff has suffered damages as set forth hereinabove.

**WHEREFORE**, Plaintiff, John Doe, respectfully requests that this Honorable Court enter judgment in his favor and against the Defendants, CVS Health Corporation, CVS Pharmacy, Inc., CVS Caremark Specialty Pharmacy, Individually, and d/b/a CVS Specialty, Procare Pharmacy, LLC, Individually, and d/b/a CVS Specialty #2553 and/or CVS Specialty, CVS Specialty, Inc., Individually, and d/b/a CVS Pharmacy Specialty Services and/or CVS Specialty, and John Roe (1-10), jointly and severally, in an amount in excess of Fifty Thousand Dollars ($50,000.00), together with attorney's fees, interest, costs, delay damages pursuant to Pennsylvania Rule of Civil Procedure 238, and such other relief as this Honorable Court may deem appropriate.

## COUNT II
## <u>NEGLIGENCE</u>

42.     All previous paragraphs are incorporated as though fully set forth herein.

43.     Defendants owed a duty of care to the Plaintiff to safeguard Plaintiff's private medical information from disclosure.

44.     Plaintiff entrusted his private medical information to Defendants.

45.     Defendants knew or should have known of the risks inherent improperly delivering a prescription that contains confidential medical information to the wrong address.

46.     The aforesaid disclosure was caused solely by the carelessness and negligence of Defendants, both generally and in the following specific respects:

      a.     failing to take proper and adequate measures to protect Plaintiff's confidentiality of HIV-related information;

      b.     failing to maintain confidentiality of Plaintiff's HIV-related information;

      c.     failing to have proper safeguards to protect the confidentiality of Plaintiff's HIV-related information;

      d.     failing to verify Plaintiff's address when delivering a prescription that included confidential HIV-related information;

      e.     failing to utilize Plaintiff's correct address for delivery of the

prescription;

f.       improperly disclosing Plaintiff's confidential HIV-related information;

g.       failing to ensure that Plaintiff's confidential HIV-related information be sent to the correct address;

h.       improperly disclosing Plaintiff's confidential HIV-related information without written consent;

i.       failing to have proper policies and procedures to ensure and protect Plaintiff's privacy and the confidentiality and disclosure of Plaintiff's HIV-related information;

j.       failing to protect the privacy interests of Plaintiff;

k.       failing to hire trained, qualified and competent individuals to assist and/or perform the ordering, handling, processing, fulfillment, packaging, labeling, distribution, mailing, shipping and/or delivery of Plaintiff's HIV-related prescription;

l.       failing to hire trained, qualified and competent individuals to supervise, monitor and oversee the ordering, handling, processing, fulfillment, packaging, labeling, distribution, mailing, shipping and/or delivery of Plaintiff's HIV-related prescription;

m.       failing to utilize a sufficient number of trained, qualified and competent individuals to supervise, monitor, assist and/or perform the ordering, handling, processing, fulfillment, packaging, labeling, distribution, mailing, shipping and/or delivery of Plaintiff's HIV-related prescription;

n.       failing to use the highest degree of care during the process of ordering, handling, processing, fulfillment, packaging, labeling, distribution, mailing, shipping and/or delivery of Plaintiff's HIV-related prescription in order to ensure that the prescription would be delivered to Plaintiff;

o.       failing to deliver the prescription to the correct address;

p.       failing to provide an accurate and clear shipping label;

q.       failing to provide sufficient shipping and delivery instructions together with clear directions to where Plaintiff's prescription was to be delivered;

r.   failing to assure strict adherence to privacy procedures regarding confidentiality and disclosure of confidential medical information;

s.   failing to confirm that the prescription had been delivered to the correct address; and,

t.   violating 35 P.S. § 7606 *et seq.*, 63 P.S. § 390-1, et seq., 49 Pa. Code Chapter 27, 42 U.S.C. § 1320d-6, which constitutes negligence as a matter of law.

47.   As a proximate result of the aforesaid carelessness and negligence, Plaintiff has suffered the injuries and damages as set forth hereinabove.

**WHEREFORE**, Plaintiff, John Doe, respectfully requests that this Honorable Court enter judgment in his favor and against the Defendants, CVS Health Corporation, CVS Pharmacy, Inc., CVS Caremark Specialty Pharmacy, Individually, and d/b/a CVS Specialty, Procare Pharmacy, LLC, Individually, and d/b/a CVS Specialty #2553 and/or CVS Specialty, CVS Specialty, Inc., Individually, and d/b/a CVS Pharmacy Specialty Services and/or CVS Specialty, and John Roe (1-10), jointly and severally, in an amount in excess of Fifty Thousand Dollars ($50,000.00), together with interest, costs, delay damages pursuant to Pennsylvania Rule of Civil Procedure 238, and such other relief as this Honorable Court may deem appropriate.

## COUNT III
## INVASION OF PRIVACY

48.   All previous paragraphs are incorporated as though fully set forth herein.

49.   Disclosure of Plaintiff's confidential medical information without his consent constitutes an invasion of privacy.

50.   Defendants publicized private facts, which such disclosure is and would be substantially and highly offensive to a reasonable person and is not a legitimate concern to the public.

51.   This right to privacy specifically includes a patient's right to keep his medical records confidential, a right which may only be compromised in the most compelling of circumstances.

52.     Avoiding disclosure of such personal matters is meant to shield an individual from being subjected to, among other things, stigma and isolation.

53.     The right at issue in the instant matter concerns protection of Plaintiff's privacy of his HIV status.

54.     Plaintiff's right to keep his HIV status confidential was violated when Defendants improperly delivered and disclosed Plaintiff's confidential HIV-related information.

55.     Defendant failed to assure strict adherence to privacy procedures regarding confidentiality and disclosure of confidential medical information.

56.     The violation of his privacy rights has resulted in harm and damages to Plaintiff in his daily life as set forth hereinbefore.

57.     Plaintiff's right to privacy continues to be violated because the choice of who is privy to his private health information was and will continue to be compromised.

**WHEREFORE**, Plaintiff, John Doe, respectfully requests that this Honorable Court enter judgment in his favor and against the Defendants, CVS Health Corporation, CVS Pharmacy, Inc., CVS Caremark Specialty Pharmacy, Individually, and d/b/a CVS Specialty, Procare Pharmacy, LLC, Individually, and d/b/a CVS Specialty #2553 and/or CVS Specialty, CVS Specialty, Inc., Individually, and d/b/a CVS Pharmacy Specialty Services and/or CVS Specialty, and John Roe (1-10), jointly and severally, in an amount in excess of Fifty Thousand Dollars ($50,000.00), together with interest, costs, delay damages pursuant to Pennsylvania Rule of Civil Procedure 238, and such other relief as this Honorable Court may deem appropriate.

Respectfully Submitted,

MULLANEY & MULLANEY, LLC

Dated:  April 15, 2022                    By: */s/Original Signature on File*_____
                                          Gerald J. Mullaney, Jr., Esquire
                                          Attorney for Plaintiff,
                                          John Doe

**<u>VERIFICATION</u>**

Gerald J. Mullaney, Jr., Esquire, as counsel for Plaintiff, states that the facts as set forth herein are true and correct to the best my knowledge, information, and belief.  I understand that the statements therein are made subject to the penalties of 18 PA C.S.A. §4904 relating to unsworn falsification to authorities.

 _/s/ Gerald J. Mullaney, Jr._____
GERALD J. MULLANEY, JR., ESQUIRE

# EXHIBIT "B"

## IN THE UNITED STATES DISTRICT COURT FOR THE
## EASTERN DISTRICT OF PENNSYLVANIA

JOHN DOE                                          :
                                                  :
    v.                        :
                                                  :
CVS HEALTH CORPORATION                            :
One CVS Drive                                     :
Woonsocket, RI 02895                              :
                                                  :
    and                       :
                                                  :
CVS PHARMACY, INC.                                :
One CVS Drive                                     :
Woonsocket, RI 02895                              :
                                                  :
    and                       :
                                                  :
CVS CAREMARK SPECIALTY PHARMACY,                  :
Individually, and d/b/a CVS SPECIALTY             :
One CVS Drive                                     :
Woonsocket, RI 02895                              :
                                                  :  NO.
    and                       :
                                                  :
PROCARE PHARMACY, LLC, Individually, and          :
d/b/a CVS SPECIALTY #2553 and/or                  :
CVS SPECIALTY                                     :
One CVS Drive                                     :
Woonsocket, RI 02895                              :
                                                  :
    and                       :
                                                  :
CVS SPECIALTY, INC., Individually, and            :
d/b/a CVS PHARMACY SPECIALTY SERVICES             :
and/or CVS Specialty                              :
One CVS Drive                                     :
Woonsocket, RI 02895                              :
                                                  :
    and                       :
                                                  :
JOHN ROE (1-10)                                   :

## AFFIDAVIT OF THOMAS MOFFATT
## IN SUPPORT OF DEFENDANTS' NOTICE OF REMOVAL

BEFORE ME, the undersigned Notary, on this day personally appeared THOMAS MOFFATT, and being by me first duly sworn, on his oath, states as follows:

1.      My name is Thomas Moffatt, and I am over the age of twenty-one. All of the information set forth in this Affidavit is based on my personal knowledge, or information and belief based on where stated, and if called and sworn as a witness, I could and would competently testify thereto.

2.      I am Vice President, Secretary & Senior Legal Counsel – Corporate Services for CVS Pharmacy, Inc.

3.      This Affidavit is submitted in support of Defendants' Notice of Removal Pursuant to 28 U.S.C. §1332 and U.S.C. §1441.

4.      Defendant, CVS Health Corporation, is a corporation organized and existing under the laws of the State of Delaware with its principal place of business, headquarters, and center of direction, control, and coordination in Woonsocket, Rhode Island.

5.      Defendant, CVS Pharmacy, Inc., is a corporation organized and existing under the laws of the State of Rhode Island with its principal place of business, headquarters, and center of direction, control, and coordination in Woonsocket, Rhode Island.

6.      Plaintiff's Complaint names "CVS Caremark Specialty Pharmacy, Individually, and d/b/a CVS Specialty" as a defendant in the above captioned action. There is no such legal entity.

7.      Defendant, ProCare Pharmacy, L.L.C. (named in Plaintiff's Complaint as "Procare Pharmacy, LLC, Individually, and d/b/a CVS Specialty #2553 and/or CVS/Specialty"), is a limited liability company organized and existing under the laws of the State of Rhode Island.

The sole member of ProCare Pharmacy, L.L.C. is CVS Pharmacy, Inc., which is a corporation organized and existing under the laws of the State of Rhode Island with its principal place of business, headquarters, and center of direction, control, and coordination in Woonsocket, Rhode Island.

8.      Plaintiff's Complaint names "CVS Specialty, Inc., Individually, and d/b/a CVS Pharmacy Specialty Services and/or CVS Specialty" as a defendant in the above captioned action. There is no such legal entity.

THOMAS MOFFATT

Sworn to before me this

25th day of May, 2022

NOTARY PUBLIC

Kimberly M Mitchell
Notary Public
State of Rhode Island
My Comm. Expires 06/09/2024

Kimberly M. Mitchell
Notary
Public
State of Rhode Island

# EXHIBIT "C"

# MULLANEY & MULLANEY, LLC
## ATTORNEYS AT LAW

GERALD J. MULLANEY, JR.
MARTIN P. MULLANEY
FRANCIS J. GENOVESE
EDWARD M. GALANG
HARRIET R. LITZ, *of Counsel*

EMAIL:
gmullaney@mullaneylaw.com

3881 SKIPPACK PIKE
P.O. BOX 1368
SKIPPACK, PENNSYLVANIA  19474-1368

TELEPHONE:  (610) 584-4416
FACSIMILE:  (610) 584-9856

BERKS COUNTY OFFICE:
655 Brown Road
Myerstown, PA  17067
Exit 10; I-78

TELEPHONE: (717)933-9200
FACSIMILE:  (610) 584-9856

April 25, 2022

**Via U.S. Certified Mail, Return Receipt Requested**
CVS Pharmacy, Inc.
One CVS Drive
Woonsocket, RI  02895

      **RE:**    **John Doe v. CVS Health Corp., et al.**
               **Philadelphia Co., CCP No. 2204-001270**

Dear Sir/Madam:

    Enclosed please find time-stamped copies of the Civil Action Complaint and Motion to Proceed Under Pseudonym in connection with the above-captioned matter.  This claim is being handled by:

Louise Taft
CVS Health Risk Management
One CVS Drive
Woonsocket, RI  02895
(401) 770-3213
Louise.Taft@CVSHealth.com
File #:  C031701626

    Should you have any questions, please do not hesitate to contact me.

             Very truly yours,

             GERALD J. MULLANEY, JR.

GJM/drb
Enclosure

# EXHIBIT "D"

**FILED**
19 APR 2022 05:18 pm
Civil Administration
T. FOBBS

| | |
|---|---|
| JOHN DOE | : COURT OF COMMON PLEAS OF |
| | : PHILADELPHIA, PENNSYLVANIA |
| v. | : CIVIL ACTION – LAW |
| | : |
| CVS HEALTH CORPORATION, | : April Term, 2022 |
| CVS PHARMACY, INC., CVS CAREMARK | : |
| SPECIALTY PHARMACY, Individually, and d/b/a | : No. 001270 |
| CVS/SPECIALTY, PROCARE PHARMACY, LLC, | : |
| Individually, and d/b/a CVS/SPECIALY #2553, | : |
| CVS SPECIALTY, INC., Individually, and d/b/a | : |
| CVS PHARMACY SPECIALTY SERVICES and/or | : |
| CVS SPECIALTY, and JOHN ROE (1-10) | : JURY TRIAL IS DEMANDED |

<u>ORDER</u>

AND NOW, on this _12th_ day of _May_ 2022, upon consideration of the Plaintiff's Motion to Proceed Under Pseudonym, and any response thereto, it is hereby ORDERED that said Motion is GRANTED. Plaintiff may proceed in the above captioned matter under the pseudonym "John Doe".

**BY THE COURT:**

J.

220401270-Doe Vs Cvs Health Corporation Etal


22040127000008

Case ID: 220401270
Control No.: 22043387